PEARSON, J.

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | CASE NO. 1:19-CR-109 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| RUSSELL DELANO MILEY-CRUZ, | ) | |
| | ) | |
| Defendant. | ) | **ORDER** |

On April 17, 2019, the Court ordered that Defendant Russell Delano Miley-Cruz undergo a psychiatric and/or psychological examination to determine his mental competence, pursuant to 18 U.S.C. § 4241(a). (ECF No. 14). The Court further ordered that Defendant be committed to the custody of the Attorney General of the United States for the purpose of such examination for a reasonable period. The Court and counsel have recently received the Forensic Evaluation Report, and Defendant is awaiting transport to the Northern District of Ohio. The Court has been notified that Defendant's anticipated arrival date in the Northern District of Ohio is July 29, 2019. The Court, therefore, undertakes a speedy trial analysis.

The Court must consider certain factors outlined in 18 U.S.C. § 3161(h)(7)(B). Among others, the Court considers the following factors:

> (i) Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice.

(1:19-CR-109)

> (ii) Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section.
>
> (iii) Whether, in a case in which arrest precedes indictment, delay in the filing of the indictment is caused because the arrest occurs at a time such that it is unreasonable to expect return and filing of the indictment within the period specified in section 3161(b), or because the facts upon which the grand jury must base its determination are unusual or complex.
>
> (iv) Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

18 U.S.C. §§ 3161(h)(7)(B).

Granting a continuance of the Trial date to allow sufficient time for Defendant's return to the Northern District of Ohio and for the Court to conduct a competency hearing promotes the interests of justice. The Court finds that a continuance of the Trial date is warranted given the results of the competency hearing may affect the outcome of this case.

For the reasons given, the Court finds that the ends of justice served by continuing the Trial date in the instant matter outweighs the best interests of the public and Defendant in proceeding more speedily. The Final Pretrial Conference is reset for **September 10, 2019 at 1:30 p.m.,** and Trial is reset for **September 23, 2019 at 9:00 a.m.**  The Criminal Pretrial and Trial Order previously issued, ECF No. 11, remains in effect in all other respects. All new due dates shall be calculated by counsel so that the parties comply with the time frames set by the Criminal Pretrial and Trial Order, unless otherwise ordered, in addition to all other obligations imposed by that order.

(1:19-CR-109)

A hearing to address the matter of Defendant's competency is set for **August 22, 2019 at 10:00 a.m.** in Courtroom 351 before Judge Benita Y. Pearson. Not later than seven days prior to the hearing, the parties shall file position statements and inform the Court of whether they intend to present witnesses.

IT IS SO ORDERED.

  July 10, 2019                                         *s/ Benita Y. Pearson*
Date                                                      Benita Y. Pearson
                                                          United States District Judge