# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | **CASE NO.  1:19 CR 109** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE BENITA Y. PEARSON** |
| | ) | |
| vs. | ) | **SENTENCING MEMORANDUM** |
| | ) | |
| **RUSSELL DELANO MILEY-CRUZ** | ) | |
| | ) | |
| **Defendant.** | | |

Now comes Defendant, Russell Delano Miley-Cruz, by and through undersigned counsel, and hereby submits his Sentencing Memorandum. Mr. Miley-Cruz respectfully requests this Honorable Court to impose a sentence that is sufficient, but not greater than necessary, in complying with the purposes of 18 U.S.C. § 3553. Mr. Miley-Cruz's position regarding sentencing is set forth more fully in the attached Memorandum.

                                                           Respectfully submitted,
                                                           **BETRAS, KOPP & HARSHMAN, LLC**

                                                           */s/ David J. Betras*
                                                           David J. Betras (0030575)
                                                           6630 Seville Drive
                                                           Canfield, Ohio 44406
                                                           Telephone: (330) 746-8484
                                                           Facsimile: (330) 702-8280
                                                           E-mail: dbetras@bhlaws.com
                                                           *Attorney for Defendant*

**MEMORANDUM IN SUPPORT**

**I.     PROCEDURAL BACKGROUND**

On February 28, 2019, Defendant was indicted by a United States grand jury for one count of Transmission of Threat in Interstate Commerce, in violation of 18 U.S.C. §§ 875(c), a Class D Felony, and one count of Obstruction of Justice, in violation of 18 U.S.C. § 1512(b)(3), a Class C Felony. On September 10, 2019, Mr. Miley-Cruz entered a guilty plea to the Indictment and his case was referred to the United States Probation Office for the preparation of a Presentence Investigation Report (herein after "PSR"). Said PSR was prepared on December 2, 2019 and revised on December 31, 2019.

**II.     LAW & ARGUMENT**

In the advent of the United States Supreme Court ruling in *United States v. Booker*, 125 S.Ct. 738 (2005), it is now well established that the federal sentencing guidelines are no longer mandatory. Instead, they are simply one of the many factors that must be considered by the Court in constructing a sentence that is no greater than necessary to achieve the goals of sentencing as set forth in 18 U.S.C. § 3553.

District Courts retain broad discretion in determining what sentence to impose based on the particular circumstances of a given case. However, sentences should not be greater than necessary to satisfy the statutory purposes of sentencing. *See Kimbrough v. United States*, 552 U.S. 85 (2007). As such, both the Supreme Court and the sentencing statutes instruct District Court Judges to impose the <u>least restrictive sentence</u> that will satisfy the four purposes of sentencing: justice, deterrence, public protection from further crimes and the provision of rehabilitative treatment. 18 U.S.C. § 3553(a)(2); *see also Kimbrough*, 552 U.S. at 101.

In order to determine the least restrictive sentence that satisfies the statutory purposes of sentencing, *supra*, this Court must consider the seven (7) factors set forth in 18 U.S.C. § 3553(a)(1)-(7). The pertinent factors of this analysis are discussed below.

### A. 18 U.S.C. § 3553(a)(1) History and Characteristics of Defendant

Mr. Miley-Cruz was born in Brooklyn, New York. He was one of three children born to a single mother. His father was never a part of his life. During his childhood, his family often relocated between New Jersey, New York and Pennsylvania, and even lived at a family shelter for some time. Because of this, Mr. Cruz never truly felt like he had a place to call home. His mother received Social Security Disability benefits on behalf of him and his siblings, all of whom suffer from a variety of mental health disorders and learning disabilities. Mr. Miley-Cruz's brother suffers from Bi-polar 1 with psychosis, ADHD, Autism, Static Encephalopathy, Macro-Cytosis and intellectual disabilities. His sister has cerebral palsy, PTSD, social anxiety disorder, auditory processing disorder, lattice degeneration of the eye and Dyslexia. Mr. Miley-Cruz also struggled with disabilities and mental health issues throughout childhood. When he was just five years old, he was diagnosed with ADHD and began an Early Intervention school-based program and received special education IEP Programs[1]. When he was eleven, he was diagnosed with Bi-polar disorder and depression. Throughout the years, he was prescribed different medications and was hospitalized several times. At a young age he battled with suicidal thoughts and attempted suicide by self-cutting and drinking rubbing alcohol.

Mr. Miley-Cruz continued to struggle with mental illness even as a young adult. In 2015 and 2016, he was hospitalized on multiple occasions for his mental health and again attempted suicide in 2016 by cutting his wrists and drinking bleach. In May and June of this year, he underwent a forensic evaluation which resulted in the diagnosis of Other Specified Personality

---

[1] A letter from Mr. Miley-Cruz's mother is attached hereto as "Exhibit A".

Disorder (with borderline, antisocial, and narcissistic features), Unspecified Depressive Disorder, and ADHD.

Mr. Miley-Cruz was often bullied because of his disabilities. When he was attending high school at Transit Tech in Brooklyn, NY, a schoolmate confronted him with a gun. His mother obtained a safety transfer and his family relocated to New Jersey. He experienced another incident of violence when a gang member brandished a gun at him near his home. After this incident, he and his family moved into a family shelter. Despite these hardships, his mother did her best to raise Mr. Miley-Cruz and his siblings, and he has a close relationship with his family. Being the oldest child, Mr. Cruz often assisted his mother in caring for his younger siblings. Upon his release, Mr. Miley-Cruz plans to return home to live with his mother and help care for his younger brother and sister.

Despite his tumultuous upbringing, Mr. Miley-Cruz persevered and graduated from high school in 2017. He joined the Pennsylvania National Guard in 2018 but was medically discharged due to his mental health issues. In 2018, he attended college in Scranton, PA at Lackawanna College. Mr. Miley-Cruz was enjoying his classes and doing well until the college discontinued the computer science classes he was enrolled in. Mr. Miley-Cruz wishes to continue his education and plans on attending the Luzerne County Community College in Nanticoke, PA upon his release.

### B. 18 U.S.C. § 3553(a)(2)-(4): the Need for the Sentence, the Kinds of Sentence and the Sentencing Range Established

Pursuant to the statutory provisions, Mr. Miley-Cruz is eligible for a term of probation. *See* 18 U.S.C. § 3561(c)(1). For both Class D and Class C Felonies, he is eligible for not less than one nor more than five years' probation. Mr. Miley-Cruz has acknowledged the seriousness of the offense and has accepted responsibility for his crimes. Defendant respectfully states that

his history with mental illness, although it does not rise to the level of a legal defense, should be considered a strong mitigating factor against sentencing Defendant to a term of imprisonment.[2] Additionally, Mr. Miley-Cruz has no criminal history record and thus has a low likelihood of recidivism. He has a strong support system and has plans to attend college upon his release. To date, Mr. Miley-Cruz has already served approximately 10 months at CCA. Defendant respectfully states that a term of probation would sufficiently punish him for his conduct, deter him from future criminal conduct and adequately protect the public.

**CONCLUSION**

Defendant, Russell Delano Miley-Cruz, respectfully submits to this Honorable Court that the appropriate sentence in this case would be a term of probation. Yet, if this Honorable Court deems it necessary to incarcerate Mr. Miley-Cruz, he respectfully requests the minimum sentence of 18 months. Such a sentence properly and sufficiently reflects the seriousness of his offense and provides sufficient deterrence. Mr. Miley-Cruz further acknowledges his sincere and heartfelt remorse for his conduct and accepts full responsibility for his actions.

Respectfully submitted,
**BETRAS, KOPP & HARSHMAN, LLC**

 */s/ David J. Betras*
David J. Betras (0030575)
6630 Seville Drive
Canfield, Ohio 44406
Telephone: (330) 746-8484
Facsimile: (330) 702-8280
Email: dbetras@bhlaws.com
*Attorney for Defendant, Russell Miley-Cruz*

---

[2] Based upon a total offense level of 15 and a criminal history category of I, Mr. Miley-Cruz's guideline imprisonment range is 18-24 months.

## CERTIFIACE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document was filed and served electronically this 9th day of January 2020 upon attorneys who have completed the ECF registration as required by the Court.

                                        */s/ David J. Betras*
                                        DAVID J. BETRAS
                                        ATTORNEY FOR DEFENDANT